*PH*

Neal Nelson, (pro se)
222 North River Street
East Dundee, Illinois 60118-1332
(847) 851-8900
(847) 851-8901 (facsimile)
Email: neal@nna.com

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Neal Nelson,

    Plaintiff,

  vs.

United States Army,

    Defendant

1:10-cv-01735
Judge Rebecca R. Pallmeyer
Magistrate Judge Nan R. Nolan



F I L E D

MAR 1 8 2010
*3-18-10*
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiff, Neal Nelson, alleges as follows:

**INTRODUCTION**

1.   This action is premised upon, and consequent to, violations
of both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552
*et. seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C.
§ 701 *et. seq.* It challenges the unlawful failure of the
Defendant, The United States Army ("Army"), to respond to

1   Plaintiff's FOIA requests in the manner, and within the time,

2   required by the FOIA.

3

4   **2.**    In the mid 1990's Plaintiff used personal funds to create a

5   computer and network testing laboratory.  Plaintiff's primary

6   use of this facility was to provide fee based testing services

7   to commercial firms that manufacture computer and network

8   equipment.

9

10   **3.**    In the 2004-2005 time frame the United States Army

11   Technology Integration Center at Fort Huachuca, Arizona ("TIC")

12   began to use government facilities and resources to provide fee

13   based testing services to commercial firms that manufacture

14   computer and network equipment.

15

16   **4.**    Army Policy 73-1 specifies: "Use of any Army test facility

17   by a commercial enterprise is allowed only if it does not

18   increase the cost to operate the facilities and after ensuring

19   that the Army is not competing with U.S. commercial sector in

20   providing such services."  See Army Policy 73-1, 7-4, (b).

21

22   **5.**    Plaintiff believes that the TIC's commercial testing

23   activities are in competition with Plaintiff's testing services.

24

25

COMPLAINT        - 2 -        Neal Nelson (pro se)
                                                    222 North River Street
                                                    East Dundee, IL 60119
                                                     (847) 851-8900

6.    Plaintiff has issued multiple FOIA requests in an attempt to determine if the TIC is violating Army Policy 73-1 by competing with the U.S. commercial sector, including Plaintiff's firm.

7.    In response to Plaintiff's FOIA requests the Army has asserted that Plaintiff's FOIA requests must be processed with predisclosure notification and has thus far refused to release a single piece of information.

8.    Predisclosure notification processing would: 1) increase the time required to provide the requested information, 2) increase the costs of providing the requested information and 3) introduce the possibility that, based on possible objections from one or more outside firms, portions of the requested information would not be released at all.

9.    None of the requested information includes any confidential, proprietary or trade secret data.  None of the requested information was submitted to the Defendant as confidential information by any outside firm.  Defendant has no legal basis to withhold any of the requested information.  Defendant has no legal basis to require predisclosure notification.  Defendant has no legal basis to allow any outside firm an opportunity to object to disclosure under the predisclosure notification procedure.

COMPLAINT                    - 3 -                    Neal Nelson (pro se)
                                                     222 North River Street
                                                     East Dundee, IL 60119
                                                     (847) 851-8900

## PARTIES, JURISDICTION, VENUE AND BASIS FOR RELIEF

**10.**   Plaintiff is a resident of Kane County, Illinois.

**11.**   Defendant is a department of the United States Government.

**12.**   Plaintiff has exhausted all administrative remedies and is thus entitled to this action pursuant to 5 U.S.C. § 552(a)(4)(C)(i).

**13.**   This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B), 28 U.S.C. § 1331 and 28 U.S.C.  § 2201, et seq. because this action arises under the FOIA, the APA, and the Declaratory Judgment Act.

**14.**   Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

**15.**   Declaratory relief is appropriate under 28 U.S.C. § 2201.

**16.**   Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

COMPLAINT                    - 4 -                    Neal Nelson (pro se)
                                                     222 North River Street
                                                     East Dundee, IL 60119
                                                     (847) 851-8900

# STATEMENT OF OPERATIVE FACTS

**17.**   Plaintiff issued a Freedom of Information Act request dated September 12, 2007.  See Exhibit 1 (filed herewith).

**18.**   In a letter dated October 1, 2007 Defendant's representative, Ellen Edwards, described some "available data" which included company names and dollar amounts.  Approximate dates would necessarily be associated with the data described by Ms. Edwards.  See Exhibit 2, page 1, the first sentence of paragraph 4.

**19.**   In a letter dated May 16, 2008 Defendant's representative provided an initial denial of Plaintiff's September 12, 2007 FOIA request.  See Exhibit 3.

**20.**   In a letter dated May 29, 2008 Plaintiff appealed Defendant's May 16, 2008 initial denial of the September 12, 2007 request.  See Exhibit 4.

**21.**   After waiting seven months, and not receiving a response from Defendant for the May 16, 2008 appeal, on January 22, 2009 Plaintiff issued another FOIA request regarding the Army's commercial testing activities.  See Exhibit 5.

COMPLAINT                    - 5 -              Neal Nelson (pro se)
                                               222 North River Street
                                               East Dundee, IL 60119
                                                  (847) 851-8900

1   **22.**   On January 23, 2009, Plaintiff's January 22, 2009 FOIA

2   request was forwarded to the Army's congressional liaison

3   office.   See Exhibit 6.

4

5   **23.**   In a letter dated February 9, 2009 Defendant responded to

6   Plaintiff's May 29, 2008 FOIA appeal of the initial denial for

7   the September 12, 2007 request.   See Exhibit 7.

8

9   **24.**   In a letter dated February 9, 2009 Defendant's

10  representative, Ellen Edwards, asserted that the January 22,

11  2009 FOIA request asked for "substantially the same information"

12  as Plaintiff's September 12, 2007 FOIA request.   See Exhibit 8,

13  paragraph 2.

14

15  **25.**   In a letter dated February 11, 2009 Plaintiff replied to

16  Ms. Edwards and cited reasons why the January 22 request was not

17  substantially the same as the prior request.   See Exhibit 9.

18

19  **26.**   In a letter dated March 19, 2009 Defendant again asserted

20  that Defendant was not obligated to release information for the

21  time period prior to September 12, 2007 and that predisclosure

22  notification processing was required for the time period after

23  September 12, 2007.   See Exhibit 10.

24

25

COMPLAINT              - 6 -           Neal Nelson (pro se)
                                       222 North River Street
                                       East Dundee, IL 60119
                                       (847) 851-8900

**27.**  In a letter dated May 1, 2009 Plaintiff asserted that Defendant had not provided justification for withholding information prior to September 12, 2007.  Plaintiff also asserted that predisclosure notification was inappropriate since the information requested on January 22, 2009 was not "confidential commercial information" provided by an outside firm.  See Exhibit 11.

**28.**  In a letter dated June 12, 2009, Vincent H. Buonocore, acting in the capacity of Initial Denial Authority, restated the positions from Ms. Edwards' March 19, 2009 letter and officially denied the Plaintiff's Janury 22, 2009 request.  See Exhibit 12.

**29.**  In a letter dated June 22, 2009, Plaintiff appealed the finding of the Initial Denial Authority.  Plaintiff's appeal referenced the comments that were made in Plaintiff's May 1, 2009 letter.  See Exhibit 13.

**30.**  In a letter dated July 31, 2009 Plaintiff stated that two letters were sent to Defendant on June 22, 2009.  One was a letter to Marc Sagan and the other was the appeal of the June 12, 2009 finding by the Initial Denial Authority.  Plaintiff questioned if Defendant was claiming that the Sagan letter had been received but the appeal letter had not.  See Exhibit 14.

COMPLAINT                    - 7 -                    Neal Nelson (pro se)
                                                     222 North River Street
                                                     East Dundee, IL 60119
                                                     (847) 851-8900

31.   In an email dated August 4, 2009 Defendant's representative, Caryn L. Hargrave, confirmed Defendant's assertion that the Sagan letter had been received but the appeal letter had not been received.   See Exhibit 15.

32.   In an email dated August 13, 2009 Defendant's representative specified August 4, 2009 as the receipt date for Plaintiff's June 22, 2009 appeal.   See Exhibit 16.

33.   In a letter dated March 1, 2010 Defendant's representative partially denied Plaintiff's June 22, 2009 appeal.   The March 1, 2010 letter does not address the question of whether the Defendant was allowed to withhold information for events prior to Sepember 12, 2007.   See Exhibit 17.

## CAUSES OF ACTION

## COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT
### IMPROPER REQUIREMENT FOR PREDISCLOSRE NOTIFICATION

34.   The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

35.   The FOIA provides nine criteria by which information is exempt from mandatory disclosure under the FOIA.   The

COMPLAINT                   - 8 -                   Neal Nelson (pro se)
222 North River Street
East Dundee, IL 60119
(847) 851-8900

information requested by the Plaintiff does not fall under any
of these nine criteria.   See 5 U.S.C. § 552(b)(1-9).

**36.**   The Defendant has repeatedly cited OSHA DATA/CIH, Inc. v.
U.S. Dep't of Labor, 220 F.3d, 153, 163 as justification for its
assertion that predisclosure notification processing, in
accordance with Executive Order 12600, was required before the
copies of the requested information could be released.   See
Exhibits 7, 8, 12, and 17.

**37.**   In the case of OSHA DATA/CIH, outside firms submitted
information to the Department of Labor as part of the "Data
Collection Initiative/Log 200" program.   OSHA DATA/CIH requested
copies of that information under the FOIA.   The courts held that
the firms which had originally submitted the data must be
notified before the copies of the data could be released.   See
OSHA DATA/CIH, Inc. v. U.S. Dep't of Labor, 220 F.3d, 153.

**38.**   The information requested by the Plaintiff on January 22,
2009 had not been submitted by any outside firm or firms.   The
information had been recorded by Defendant's staff as records of
facility usage with associated charges. See Exhibit 2, page 1,
the first sentence of paragraph 4.

**39.**   OSHA DATA/CIH does not provide a justification for requiring predisclosure notification processing for Plaintff's FOIA requests since OSHA DATA/CIH dealt with data submitted by outside firms and the information requested by the Plaintiff had not been submitted by outside firms.

**40.**   Defendant also references Executive Order 12600 as part of the justification for predisclosure notification.   See Exhibits 7, 8, 12 and 17.

**41.**   Executive Order 12600 describes the predisclosure notification procedure and also provides the following definition of the information covered by the Executive Order: ""Confidential commercial information" means records provided to the government by a submitter that arguably contain material exempt from release under Exemption 4 of the Freedom of Information Act, 5 U.S.C. § 552(b)(4), because disclosure could reasonably be expected to cause substantial competitive harm." See Executive Order 12600 (3 CFR, 1987 Comp., p. 235), Section 2, Paragraph (a).

**42.**   The information requested by the Plaintiff was not "provided to the government by a submitter" and therefore does not fall under the definition provided in Executive Order 12600.

COMPLAINT                    - 10 -                    Neal Nelson (pro se)
                                                      222 North River Street
                                                      East Dundee, IL 60119
                                                      (847) 851-8900

1  Executive Order 12600 does not provide Defendant with a

2  justification for requiring predisclosure notification.

3

4  **43.**   The information requested in OSHA DATA/CIH Inc. v. U.S.

5  Dept. of Labor included: "all available data elements including

6  the inspection, violation, administrative payment, hazardous

7  substance, accident, related activity, debt, event history and

8  optional segments for all inspection records" as well as

9  "copy[sic] of narrative text, which describes worksite-specific

10 conditions, related to violations and/or fatality/catastrophe

11 investigations (activity number, violation identification key,

12 text) with all available records".  See OSHA DATA/CIH, Inc. v.

13 U.S. Dep't of Labor, 220 F.3d, 153.

14

15 **44.**   In OSHA DATA/CIH Judge Cavanaugh determined that the

16 Department of Labor "set forth a strong argument in support of

17 the contention that the information may result in substantial

18 competitive harm."  See OSHA DATA/CIH, Inc. v. U.S. Dep't of

19 Labor, 220 F.3d, 153, page 7 paragraph 9.

20

21 **45.**   The information requested by Plaintiff consists of the

22 names of outside companies that had paid to use the TIC's

23 commercial lab with the dollar amounts paid and the approximate

24 dates of usage.  See Exhibit 5, paragraph 3.

25

COMPLAINT               - 11 -          Neal Nelson (pro se)
                                        222 North River Street
                                        East Dundee, IL 60119
                                        (847) 851-8900

**46.**   The Defendant's repeated justification for predisclosure notification consists of the phrase "given the nature of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm."  See: Exhibit 7, page 2, paragraph 1, lines 9-11; Exhibit 8, page 2, paragraph 2, lines 9-11; Exhibit 12, page 2, paragraph 1, lines 9-11; Exhibit 17, page 2, paragraph 1, lines 4-6.

**47.**   The Defendant's statement is neither a strong argument nor a weak argument.  It is an unsupported assertion.  Neither the FOIA nor Executive Order 12600 allows predisclosure notification based on unsupported assertions.  This assertion is, however, moot since the requested information was not provided to the Defendant by an outside firm.

**48.**   The government regularly releases information that could cause substantial competitive harm to a private firm.  Product defect and airline safety information are two examples.  In neither of these cases was the data originally submitted to the government as "confidential trade secret" information.  In neither of these cases does the government allow a commercial firm to object to disclosure under predisclosure notification processing.

COMPLAINT                          - 12 -                          Neal Nelson (pro se)
                                                                   222 North River Street
                                                                   East Dundee, IL 60119
                                                                   (847) 851-8900

1   **49.**   The information specified in Plaintiff's FOIA requests was

2   not provided to the government as "confidential trade secret"

3   information.   It is not subject to predisclosure notification

4   processing and it should have been promptly provided to the

5   Plaintiff by the Defendant.

6

7   **50.**   Defendant's insistence on predisclosure notification

8   processing has resulted in substantial delays, would cause

9   substantial and unnecessary charges and could result in the

10  eventual withholding of information whose release is mandated by

11  the FOIA.

12

13  **51.**   The Defendant has harmed the Plaintiff by unlawfully

14  delaying the release of the copies and information requested by

15  the Plaintiff through the improper requirement for predisclosure

16  notification processing.

17

18

19                              **COUNT II**

20

        **VIOLATION OF THE FREEDOM OF INFORMATION ACT**
21  **UNJUSTIFIED CLAIM OF EXEMPTION FROM INFORMATION RELEASE**

22

    **52.**   The allegations made in all preceding paragraphs are
23
    realleged and incorporated by reference herein.
24

25

COMPLAINT                    - 13 -              Neal Nelson (pro se)
                                                  222 North River Street
                                                  East Dundee, IL 60119
                                                      (847) 851-8900

1    **53.**   In the March 19, 2009 response to Plaintiff's January 22,

2    2009 FOIA request, Defendant asserted that information for the

3    time period from January 1, 2001 through September 12, 2007 did

4    not have to be disclosed because Plaintiff had issued a prior

5    FOIA request on September 12, 2007.   See Exhibit 10, page 1,

6    last paragraph.

7

8    **54.**   This assertion was challenged by the Plaintiff in a letter

9    dated May 1, 2009 and re-asserted by the Defendant in a letter

10   dated June 12, 2009. See Exhibits 11 and 12.

11

12   **55.**   In January 2009, after waiting more than seven months for

13   Defendant to respond to Plaintiff's May 29, 2008 appeal, and

14   after having not received the determination that was required

15   within twenty workdays, Plaintiff issued the January 22, 2009

16   FOIA request.

17

18   **56.**   Two weeks after the January 22, 2008 FOIA request was

19   issued, Defendant issued a response to Plaintiff's May 29, 2008

20   appeal.   See Exhibit 5.

21

22   **57.**   The FOIA provides for nine exemptions to mandatory release

23   of information.   See 5 U.S.C. § 552(b)(1-9).

24

25

COMPLAINT                    - 14 -              Neal Nelson (pro se)
                                                222 North River Street
                                                East Dundee, IL 60119
                                                (847) 851-8900

1   **58.**   None of these nine exemptions allow for the withholding of

2   information based on a determination that had not been issued,

3   and was past due by seven months, as of the date the new FOIA

4   request was issued.

5

6   **59.**   None of these nine exemptions allow for the withholding of

7   information because a request is similar to, or has overlapping

8   characteristics with, any prior request.

9

10   **60.**   Defendant's June 12, 2009 letter from the Initial Denial

11   Authority re-asserted that information for the time period

12   January 1, 2001 through September 12, 2007 did not have to be

13   released.   See Exhibit 12.

14

15   **61.**   Plaintiff's June 22, 2009 appeal of the finding by the

16   Initial Denial Authority disputed this claim of exemption

17   through its incorporation by reference of Plaintiff's May 1,

18   2009 letter.   See Exhibits 11 and 13.

19

20   **62.**   Defendant's March 1, 2010 final denial, in response to the

21   June 22, 2009 appeal, does not address the issue of Defendant's

22   claim that information for the time period January 1, 2001

23   through September 12, 2007 does not have to be released.   See

24   Exhibit 17.

25

COMPLAINT                    - 15 -                    Neal Nelson (pro se)
                                                      222 North River Street
                                                      East Dundee, IL 60119
                                                      (847) 851-8900

1    **63.**   The Freedom of Information Act does not permit the Defendant

2    to simply ignore an issue that was asserted by the Initial

3    Denial Authority and then appealed by a requestor.

4

5    **64.**   Since Defendant's March 1, 2010 final denial letter omits

6    any reference to Defendant's claimed exemption for the January

7    1, 2001 through September 12, 2007 time frame, Plaintiff asserts

8    that this omission is an admission by the Defendant that there

9    is no basis for the claimed exemption.

10

11   **65.**   Defendant has harmed the Plaintiff by unlawfully claiming an

12   exemption from release of information for the date range January

13   1, 2001 through September 12, 2007.

14

15                             **COUNT III**

16

            **VIOLATION OF THE FREEDOM OF INFORMATION ACT**
17      **IMPROPER ESTIMATED FEES FOR THE REQUESTED INFORMATION**

18

19   **66.**   The allegations made in all preceding paragraphs are

20   realleged and incorporated by reference herein.

21

22   **67.**   The Defendant has acknowledged that approximately 30

23   companies have used the TIC's commercial lab between January 1,

24   2001 and September 12, 2007.  See Exhibit 10, page 1, 3rd

25   paragraph, line 3.

COMPLAINT                    - 16 -              Neal Nelson (pro se)
                                                222 North River Street
                                                East Dundee, IL 60119
                                                    (847) 851-8900

68.   The Defendant has acknowledged that approximately 13
companies used the TIC's commercial lab between September 13,
2007 and January 22, 2009.  See Exhibit 10, page 2, 1st
paragraph, last sentence.

69.   Defendant requested a total of $ 1,159.00 to provide the
information specified in Plaintiff's FOIA requests.  This amount
results from $ 600.00 for the September 12, 2007 FOIA request
and $ 559.00 for the January 22, 2009 FOIA request.  See Exhibit
2, page 1, paragraph 4, last line and Exhibit 10, page 2,
paragraph 3.

70.   These amounts include charges for the predisclosure
notification processing which has been shown to be unnecessary.

71.   Plaintiff's requested information, company name,
approximate date, dollar amount, can be presented on a single
line of text, and 43 lines of text will easily fit on a single
sheet of paper with a total of approximately 129 words.

72.   The FOIA states in part: "No fee may be charged by any
agency under this section—", "for any request described in
clause (ii)(II) or (III) of this subparagraph for the first two
hours of search time or for the first one hundred pages of

1  duplication."  See 5 U.S.C. § 552(a)(4)(A)(iv) and 5 U.S.C. §

2  552(a)(4)(A)(iv)(II).

3

4  **73.**  Plaintiff believes that Defendant's clerical personnel will

5  be able to locate and copy the approximate 129 words in less

6  than 120 minutes.

7

8  **74.**  Plaintiff asserts that the Defendant unlawfully inflated

9  the estimated fees to process Plaintiff's FOIA requests as a

10 result of specifying predisclosure notification processing.

11

12 **75.**  Plaintiff asserts that the Defendant's estimated fees to

13 provide the information are incorrect, and based on the

14 requirements of section 552(a)(4)(A)(iv) the information should

15 be provided for no fee.

16

17                              **COUNT IV**

18

19       **VIOLATION OF THE FREEDOM OF INFORMATION ACT**
        **VIOLATION OF REQUIREMENT TO DISCLOSE THE NAMES**
20  **OF INDIVIDUALS RESPONSIBLE FOR DENIAL OF THE REQUEST**

21 **76.**  The allegations made in all preceding paragraphs are

22 realleged and incorporated by reference herein.

23

24 **77.**  The FOIA states in part "Any notification of denial of any

25 request for records under this subsection shall set forth the

COMPLAINT              - 18 -           Neal Nelson (pro se)
                                        222 North River Street
                                        East Dundee, IL 60119
                                          (847) 851-8900

1  names and titles or positions of each person responsible for the
2  denial of such request."   See 5 U.S.C. § 552(a)(6)(C)(i) (last
3  sentence).

4

5  **78.**   Defendant's May 16, 2008 letter was the initial denial of
6  Plaintiff's September 12, 2007 request but it did not set forth
7  the names and titles or positions of each person responsible for
8  the denial.  See Exhibit 3.

9

10  **79.**   Defendant's February 9, 2009 letter was the final denial of
11  Plaintiff's September 12, 2007 request but it did not set forth
12  the names and titles or positions of each person responsible for
13  the denial.  See Exhibit 7.

14

15  **80.**   Defendant's June 12, 2009 letter was the initial denial of
16  Plaintiff's January 22, 2009 request but it did not set forth
17  the names and titles or positions of each person responsible for
18  the denial.  See Exhibit 12.

19

20  **81.**   Plaintiff's June 22, 2009 appeal of the findings by the
21  Initial Denial Authority included the statement "In the event
22  that this appeal is denied, the Army is required to provide a
23  written response describing the reasons for the denial and the
24  names and titles of each person responsible for the denial."
25  See Exhibit 13, last paragraph.

COMPLAINT              - 19 -          Neal Nelson (pro se)
                                       222 North River Street
                                       East Dundee, IL 60119
                                       (847) 851-8900

1

2   **82.**   Defendant's March 1, 2010 letter was the final denial of

3   Plaintiff's January 22, 2009 request but it did not set forth

4   the names and titles or positions of each person responsible for

5   the denial.  See Exhibit 17.

6

7   **83.**   Defendant harmed the Plaintiff by unlawfully failing to

8   disclose the names and titles or positions of each person

9   responsible for the various denials of Plaintiff's requests.

10

11                              **COUNT V**

12

13      **VIOLATION OF THE FREEDOM OF INFORMATION ACT**
        **FAILURE TO MAKE TIMELY DETERMINATIONS**

14

15  **84.**   The allegations made in all preceding paragraphs are

16  realleged and incorporated by reference herein.

17

18  **85.**   The FOIA requires a determination regarding any request

19  within 20 workdays.  See 5 U.S.C. § 552(a)(6)(A)(i).

20

21  **86.**   The FOIA further states that in unusual circumstances, and

22  upon written notice, there can be an extension of no more that

23  10 workdays.  See 5 U.S.C. § 552(a)(6)(B)(i).

24

25

COMPLAINT                    - 20 -              Neal Nelson (pro se)
                                                222 North River Street
                                                East Dundee, IL 60119
                                                   (847) 851-8900

87.   At no time did the Defendant issue a written notice that there were unusual circumstances regarding any of Plaintiff's FOIA requests.

88.   Plaintiff's January 22, 2009 FOIA request was sent to Defendant's authorized representative on January 23, 2009.   See Exhibit 6.

89.   The twentieth workday following January 23, 2009 was February 20, 2009.

90.   Defendant's March 19, 2009 letter is Defendant's response to Plaintiff's January 22, 2009 request.   March 19, 2009 is a full month beyond the time limit specified by the FOIA.   See Exhibit 10.

91.   The FOIA requires a determination within 20 workdays for any appeal.   See 5 U.S.C. § 552(a)(6)(A)(ii).

92.   Plaintiff's appeal of the finding by the Initial Denial Authority regarding Plaintiff's September 12, 2007 request was sent on May 29, 2008.   See Exhibit 4.

93.   The twentieth workday following May 29, 2008 was June 26, 2008.

**94.**  Defendant's response to Plaintiff's May 29, 2008 appeal is dated February 9, 2009.  This date is over seven months beyond the date that is required by the FOIA.  See Exhibit 7.

**95.**  Plaintiff's appeal of the finding by the Initial Denial Authority regarding Plaintiff's January 22, 2009 request was sent on June 22, 2009.  Defendant acknowledged receipt as of August 4, 2009.  See Exhibits 13 and 16.

**96.**  The twentieth workday following August 4, 2009 was September 1, 2009.

**97.**  Defendant's response to Plaintiff's June 22, 2009 appeal is dated March 1, 2010.  This date is fully seven months beyond the date that is required by the FOIA.  See Exhibit 17.

**98.**  Defendant harmed the Plaintiff by unlawfully failing to make timely determinations regarding Plaintiff's FOIA requests and appeals.

## COUNT VI

### VIOLATION OF THE FREEDOM OF INFORMATION ACT

**99.**  The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

COMPLAINT                    - 22 -                    Neal Nelson (pro se)
                                                       222 North River Street
                                                       East Dundee, IL 60119
                                                       (847) 851-8900

**100.** Plaintiff has a statutory right to have Defendant process a FOIA request in a manner that complies with FOIA. Plaintiff's rights in this regard were violated when the Defendant unlawfully delayed its response to Plaintiff's information requests beyond the determination deadlines imposed by the FOIA. 5 U.S.C. §§ 552(a)(6)(A)(i), (B).

**101.** At no time during its review of Plaintiff's information request did Defendant provide Plaintiff with the written notice of administrative options required to invoke the "unusual circumstances" clause of FOIA that would allow a longer than 10-day extension to the Act's FOIA determination deadline. 5 U.S.C. § 552(a)(6)(B)(ii).

**102.** There are no "unusual circumstances" within the meaning of 5 U.S.C. § 552(a)(6)(B)(ii) that apply to Defendant's determination of Plaintiff's information request.

**103.** Plaintiff has been adversely affected because Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which Plaintiff is entitled and for which no valid disclosure exemption applies.

Neal Nelson (pro se)
222 North River Street
East Dundee, IL 60119
(847) 851-8900

**104.** Based on Plaintiff's continued interest in Defendant's activities, Plaintiff will undoubtedly continue to employ FOIA's provisions for information requests to Defendant in the foreseeable future.

**105.** Plaintiff will continue to be adversely affected if Defendant is allowed to continue violating FOIA's requirements for release and response deadlines as it has in this case.

**106.** Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant is likely to continue to violate the rights of Plaintiff to receive public records under the FOIA.

**107.** Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA.  5 U.S.C. § 552(a)(4)(E).

**COUNT VII**

**VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT**

**108.** The allegations made in all preceding paragraphs are realleged and incorporated by reference herein.

COMPLAINT                    - 24 -                    Neal Nelson (pro se)
                                                       222 North River Street
                                                       East Dundee, IL 60119
                                                       (847) 851-8900

**109.**  Defendant has failed to act in an official capacity under color of legal authority by failing to comply with the mandates of FOIA consequent to its failure and refusal to properly process Plaintiff's information requests.

**110.**  Defendant has unlawfully withheld agency action by failing to comply with the mandates of FOIA consequent to its failure and refusal to provide the information specified in Plaintiff's information requests.

**111.**  Plaintiff has been adversely affected and aggrieved by the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and refusal to provide the information specified in Plaintiff's information requests has injured Plaintiff's interests in public oversight of governmental operations and constitute a violation of Defendant's statutory duties under the APA.

**112.**  Plaintiff has suffered a legal wrong as a result of the Defendant's failure to comply with the mandates of FOIA. Defendant's failure and refusal to provide the information specified in Plaintiff's information requests has injured Plaintiff's interests in public oversight of governmental operations and constitutes a violation of Defendant's statutory duties under the APA.

1

2  **113.** Defendant's failure and refusal to provide the information

3  specified in Plaintiff's information requests constitutes agency

4  action unlawfully withheld and unreasonably delayed and is

5  therefore actionable pursuant to the APA, 5 U.S.C. § 706(1).

6

7  **114.** Alternatively, Defendant's failure and refusal to provide

8  the information specified in Plaintiff's information requests is

9  in violation of FOIA's statutory mandates and is therefore

10 arbitrary, capricious, or an abuse of discretion and not in

11 accordance with law and is therefore actionable pursuant to the

12 APA, 5 U.S.C. § 706(2).

13

14 **115.** Plaintiff is entitled to judicial review under the

15 Administrative Procedure Act 5 U.S.C. §§ 702, 706.

16

17 **116.** Plaintiff is entitled to costs of disbursements and costs of

18 litigation, including reasonable attorney, under the Equal

19 Access to Justice Act, 28 U.S.C.S. § 2412.

20

21                    **REQUEST FOR RELIEF**

22

23 WHEREFORE, Plaintiff prays that this Court:

24

25

COMPLAINT                  - 26 -           Neal Nelson (pro se)
                                            222 North River Street
                                            East Dundee, IL 60119
                                            (847) 851-8900

1  **1.** Order Defendant to promptly provide Plaintiff with

2  information about non-government organizations that have paid

3  for use of the testing facilities at the U.S. Army Technology

4  Integration Center, Fort Huachuca, AZ between January 1, 2001

5  and January 22, 2009.

6

7  **2.** Order Defendant to promptly provide Plaintiff with the: 1)

8  the name of each non-government organization, 2) the amount of

9  money paid by each non-government organization, and 3) the

10 approximate dates that each non-government organization used the

11 TIC facilities between January 1, 2001 and January 22, 2009.

12

13 **3.** Order the Defendant to provide the above listed information

14 at no cost to Plaintiff in accordance with 5 U.S.C. §

15 552(a)(4)(iv)(II).

16

17 **4.** Order the Defendant to promptly provide the names and titles

18 or positions of each person responsible for every denial of

19 every one of Plaintiff's FOIA requests in accordance with 5

20 U.S.C. § 552(a)(6)(C)(i).

21

22 **5.** Declare Defendant's failure to disclose the documents

23 requested by the Plaintiff to be unlawful under the FOIA, 5

24 U.S.C. § 552(a)(4)(A)(iii), as well as agency action unlawfully

25 withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or

COMPLAINT              - 27 -              Neal Nelson (pro se)
                                          222 North River Street
                                          East Dundee, IL 60119
                                          (847) 851-8900

1  arbitrary, capricious, an abuse of discretion, and not in

2  accordance with law, 5 U.S.C. § 706(2).

3

4  **6.** Declare Defendant's failure to timely make a determination on

5  Plaintiff's information requests to be unlawful under the FOIA,

6  5 U.S.C. § 552(a)(6)(A)(i), as well as agency action unlawfully

7  withheld and unreasonably delayed, 5 U.S.C. § 706(1), and/or

8  arbitrary, capricious, an abuse of discretion, and not in

9  accordance with law, 5 U.S.C. § 706(2).

10

11  **7.** Award Plaintiff costs and reasonable attorney fees pursuant

12  to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412.

13

14  **8.** Grant such other and further relief as the Court may deem

15  just and proper.

16

17  Respectfully submitted for the Court's consideration, this 18th

18  day of March 2010.

19

20                                  /s/ Neal Nelson (pro se)

21                                  222 North River Street

22                                  East Dundee, IL 60118
                                    (847) 851-8900

23                                  (847) 851-8901 (facsimile)
                                    Email: neal@nna.com

24

25

COMPLAINT              - 28 -          Neal Nelson (pro se)
                                        222 North River Street
                                        East Dundee, IL 60119
                                        (847) 851-8900

# List of Exhibits

1.  Plaintiff's September 12, 2007 Freedom of Information Act Request.

2.  A letter dated October 1, 2007 that includes a description of the billing procedure for use of Defendant's "commercial lab".

3.  Defendant's May 16, 2008 letter communicating the finding by the Initial Denial Authority for Plaintiff's September 12, 2007 request.

4.  Plaintiff's May 29, 2008 appeal of the finding by the Initial Denial Authority for the September 12, 2007 FOIA request.

5.  Plaintiff's January 22, 2009 Freedom of Information Act Request.

6.  An email confirming that the January 22, 2009 FOIA request was sent to the Army on January 23, 2009.

7.  Defendant's February 9, 2009 response to Plaintiff's May 29, 2008 appeal of the finding by the Initial Denial Authority.

8.  Defendant's February 9, 2009 letter alleging that Plaintiff's January 22, 2009 request was "substantially the same" as a prior request.

9.  Plaintiff's February 11, 2009 letter pointing out that the January 22, 2009 request was not "substantially the same" as a prior request.

10. Defendant's March 19, 2009 letter claiming that Defendant can withhold information prior to September 12, 2007, and that information after September 12, 2007 would be processed with predisclosure notifications.

11. Plaintiff's May 1, 2009 letter requesting that the Defendant process the FOIA request for the entire range of dates specified by the Plaintiff and process the request without predisclosure notification since none of the requested information is trade secret information.

12. Defendant's June 12, 2009 letter as the "official" finding from the Initial Denial Authority for the January 22, 2009 FOIA request.

13. Plaintiff's June 22, 2009 appeal of the finding by the Initial Denial Authority for the January 22, 2009 FOIA request.

14. Plaintiff's July 31, 2009 letter requesting confirmation that the Defendant claims to have not received the June 22, 2009 formal appeal letter.

15. Defendant's August 4, 2009 email confirming Defendant's position that the June 22, 2009 letter to Mr. Sagan was received but the June 22, 2009 appeal letter sent to Mr. Buonocore was not received.

16. Defendant's August 13, 2009 email acknowledging August 4 as the date that the June 22 appeal was received by the Army.

17. Defendant's March 1, 2010 response to Plaintiff's June 22, 2009 appeal.

# Exhibit: 1

**Plaintiff's September 12, 2007 Freedom of Information Act Request.**

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

September 12, 2007

U.S. Army Garrison
ATTN: IM-NE-MON-HRR (FOIA Office)
Bldg 286, Russel Hall
Fort Monmouth, NJ 07703

      FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. Section 552, I request
access to, and copies of, the following information:

Invoices issued by the government to all (approximately 30) non-government
organizations that have paid to use the "commercial" testing facilities at the U.S.
Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001
and the present.

I agree to pay reasonable duplication fees for the processing of this request in an
amount not to exceed $100. Please notify me prior to your incurring any expenses in
excess of that amount. I request a waiver of the fees for this request because
disclosure of the requested information to me is in the public interest and is likely
to contribute significantly to the public understanding of the operations or
activities of the Army.

I am making this request as an individual seeking information for personal use and not
for commercial use.

If this is not the correct FOI agency to process this request, please forward it to
the appropriate agency.

If you wish to contact me to discuss this request, my telephone number is 847-851-
8900. I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance,

Neal Nelson
222 N. River Street
East Dundee, IL  60118
847-851-8900

---

# Exhibit: 2

**A letter dated October 1, 2007 that includes a description of the billing procedure for use of Defendant's "commercial lab".**



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
288 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY  07703-5101

October 1, 2007

IMNE-MON-HRR

Mr. Neal Nelson
222 North River Street
East Dundee, IL  60118-1332

Dear Mr. Nelson:

This is in response to your FOIA request number 2007360 of September 12, 2007, received via Rep. Hastert's office.  You requested "invoices issued by the government to all (approximately 30) non-government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Ft. Huachuca, AZ between 01 January 2001 and the present."

Pursuant to the FOIA law (5 U.S.C. 522 et.seq.) and applicable regulations, the Government is required to provide federal agency records contained in a Government system of records, unless there is a relevant exception.  Under FOIA, the Government is not required to create new records or compilations of information to satisfy a FOIA request.

We have carefully reviewed this request, and reviewed relevant systems of records for any responsive records. There are no records responsive to this request. Testing done by the TIC is done based on testing work plans created by the TIC for each test procedure.  Companies that have testing done by the TIC pay an estimated amount based on the information developed in the testing work plan.  Once the testing is complete, companies are refunded unused funds.  No invoices are created.

However, in order to comply with the FOIA's mandate for public disclosure, if the information that you are interested in consists of the names of the companies and the amounts of money they have spent on testing, we can compile that information from available data.  It will take approximate 2 hours for professional level personnel to search and compile the information, which at standard rates would cost $44 per hour. We would then be required to send each company a pre-disclosure notification to give them the opportunity to request that their information not be disclosed.  This would take approximately 8 hours for clerical personnel at $20 per hour.  Analysis and review of the pre-disclosure notifications and responses would take approximately 8 hours for professional personnel at $44 per hour.  The total estimated fee to process this request is therefore $600.

You have also indicated that you are not a commercial requester, and you have requested a fee waiver.  However, you have not provided any support for why you should not be considered a commercial requester, or for a fee waiver.  Pursuant to

statute, you must provide sufficient relevant information to show that you are not a commercial requester, and, in order to receive a fee waiver, a requester must demonstrate that "disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." (5 U.S.C. § 552(a)(4)(A)(iii)(2000 & Supp. IV 2004). In order for us to properly assess your request, please provide sufficient information so that we can determine if you are not a commercial requester, and if your fee waiver request meets the statutory requirements.

Please reply to the undersigned as to whether the information indicated above would be responsive to your request, whether you are willing to pay the above mentioned fee, or to provide further information as requested above regarding your fee waiver request.

Sincerely,

*Ellen Edwards*

Ellen Edwards
FOIA OFFICER
(732) 532-1769

# Exhibit: 3

**Defendant's May 16, 2008 letter communicating the finding by the Initial Denial Authority for Plaintiff's September 12, 2007 request.**



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

1 1 MAY 2008

AMSEL-LG

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

This is in response to your FOIA request of September 12, 2007, received via Rep.
Hastert's office.  You requested "invoices issued by the Government to all (approximately
30) non-Government organizations that have paid to use the 'commercial' testing facilities at
the U.S. Army Technology Integration Center (TIC), Ft. Huachuca, AZ between 01 January
2001 and the present."

By letter from Ellen Edwards dated October 1, 2007 you were informed that, while no
records responsive to this request exist, the Government could compile the information that
you seek.  You were further informed that applicable laws and regulations require that we
send a pre-disclosure notification to each of the approximately 30 companies to give them
the opportunity to request that their information not be disclosed.  Finally, you were
informed that the cost of this process would be approximately $600.

By letter dated October 5, 2007, you confirmed that this compilation of information
would indeed satisfy your request, however you disagreed with our determination that
sending pre-disclosure notifications was necessary and therefore you disagreed with our
$600 fee determination.

Several letters were then exchanged (by Ms. Edwards dated October 26, 2007, by you
dated November 4, 2007, by Ms. Edwards dated November 7, 2007, and by you dated
January 8, 2008) which maintained our position that pre-disclosures notifications are
necessary, that the fee for responding to your request is $600, and that you request a formal
denial based on this fee determination.

Executive Order 12600 requires that the Government notify the companies under these
circumstances and offer them the opportunity to request that their information not be
disclosed.  Consequently, the Government is obligated to send pre-disclosure notifications.

Your request is denied based upon your unwillingness to pay the $600 fee.

You may appeal this denial to the Secretary of the Army.  In the event you decide to appeal, your letter of appeal should be within 60 days of the date of this initial denial letter through U.S. Army Communications-Electronics Command, Attention:  Mark A. Sagan, Initial Denial Authority, Fort Monmouth, New Jersey 07703-5010, to Secretary of the Army, Attention:  General Counsel, Freedom of Information Act Appeal, Washington, D.C. 20310-0103.  This denial is made on behalf of the Assistant Secretary of the Army (Research, Development, and Acquisition).

Sincerely,

Mark A. Sagan
Initial Denial Authority

# Exhibit: 4

**Plaintiff's May 29, 2008 appeal of the finding by the Initial Denial Authority for the September 12, 2007 FOIA request.**

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL  60118-1332

May 29, 2008

Secretary of the Army
Attention: General Counsel
Freedom of Information Act Appeal
Washington, D.C. 20310-0103

Re: FOIA Request 2007360

To whom it may concern:

Please accept this letter as an appeal of an FOIA initial denial issued on 16 May 2008 by
Mark A. Sagan (signed by Patrick Terranova).  The reason given for the denial was my
unwillingness to pay $ 600.00 in estimated costs requested by the Army.  These estimated
costs covered two separate activities.  Approximately $ 88.00 was the estimated cost to
collect information from Army files.  The balance of approximately $ 512.00 covered costs to
contact various commercial organizations and notify them of possible release of confidential
information.

I have repeatedly agreed to pay the $ 88.00 to assemble the requested information.  I have
repeatedly refused to pay the $ 512.00 for notification since the information I am requesting
does not include any confidential or trade secret data.

The requested information consists of the names of non-government commercial
organizations that have used testing facilities on a fee basis at Fort Huachuca's Technology
Integration Center plus the approximate dates when the tests were conducted and the
approximate fees paid by those firms to use the Army facilities.

In his denial letter Mr. Sagan suggests that the information I have requested is covered by
Executive Order 12600.  Executive Order 12600 does require pre-release notification for
some "confidential commercial information".  The order also provides a definition of the
"confidential commercial information" covered by the order.  The definition is: '(a)
"Confidential commercial information" means records provided to the government by a
submitter that arguably contain material exempt from release under Exemption 4 of the
Freedom of Information Act, 5 U.S.C. 552(b)(4), because disclosure could reasonably be
expected to cause substantial competitive harm.'

FOIA Exemption 4 states: "(4) trade secrets and commercial or financial information obtained
from a person and privileged or confidential;"

The DoD FOIA handbook restates Exemption 4 as: "(4)--trade secrets and commercial or financial information obtained from a private source which would cause substantial competitive harm to the source if disclosed;"

The information that I am requesting does not include any trade secret designs or formula.  It does not include any confidential financial data or product specifications.   Furthermore, it was not provided by any outside individual or organization.  Government employees, as part of their normal activities, created the information that I am requesting.  Since it was not provided to the Army by a private source, it is not, and cannot be, covered by Exemption 4 or Executive Order 12600.

Please instruct the appropriate individuals to promptly release this information.  I will gladly pay the $ 88.00 fee that was specified in the Army's letter dated 1 October 2007.


Sincerely,



Neal Nelson

# Exhibit: 5

**Plaintiff's January 22, 2009 Freedom of Information Act Request.**

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, ILLINOIS 60118-1332

January 22, 2009

U.S. Army Garrison
ATTN: IM-NE-MON-HRR (FOIA Office)
Bldg 286, Russel Hall
Fort Monmouth, NJ 07703

          FOIA REQUEST

Dear FOI Officer:

Pursuant to the federal Freedom of Information Act, 5 U.S.C. Section 552, I request access to, and copies of, the following information:

Information about non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present.

Please provide: 1) the name of the non-government organization, 2) the amount of mone paid to the TIC by the non-government organization, and 3) the approximate dates that the non-government organization used the TIC facilities.

I agree to pay reasonable duplication fees for the processing of this request in an amount not to exceed $100.  Please notify me prior to your incurring any expenses in excess of that amount.  I request a waiver of the fees for this request because disclosure of the requested information to me is in the public interest and is likely to contribute significantly to the public understanding of the operations or activities of the Army.

I am making this request as an individual seeking information for personal use and no for commercial use.

If this is not the correct FOI agency to process this request, please forward it to the appropriate agency.

If you wish to contact me to discuss this request, my telephone number is 847-851-8900.  I look forward to your reply within 20 business days, as the statute requires.

Thank you for your assistance,

Neal Nelson
222 N. River Street
East Dundee, IL  60118
847-851-8900

# Exhibit: 6

**An email confirming that the January 22, 2009 FOIA request was sent to the Army on January 23, 2009.**

**From:** "Richardson, Ruth" <Ruth.Richardson@mail.house.gov>
**To:** "Neal Nelson" <neal@nna.com>
**Date:** 23 Jan 2009, 11:01:19 AM
**Subject:** RE: New Freeedom of Information Guidelines

Thank you.  I have sent your request to the Congressional Liaison at the
Department of the Army.  I will be in touch as soon as I have something
further to report.

Ruth Richardson
Constituent Services Advocate

27 North River Street
Batavia, IL 60510
630-406-1114 phone
630-406-1808 fax

# Exhibit: 7

**Defendant's February 9, 2009 response to Plaintiff's May 29, 2008 appeal of the finding by the Initial Denial Authority.**



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104

February 9, 2009

Ms. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, Illinois 60118-1332

Dear Mr. Nelson:

This letter responds to your Freedom of Information Act (FOIA) appeal, dated May 29, 2008. Your appeal challenges the determination by the Office of the Command Counsel, Headquarters, U.S. Army Communications-Electronics Life Cycle Management Command (CECOM), the Initial Denial Authority (IDA), that Predisclosure Notifications (PDNs) are required before providing you with the information you requested: "invoices issued by the government to all (approximately 39) non-government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ, between 01 January 2001 and the present [September 12, 2007]."

We apologize for the delay in responding to this appeal. The Army is required to address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

In correspondence with Ms. Ellen Edwards, FOIA Officer, Headquarters, U.S. Army Garrison, Fort Monmouth, you indicated a willingness to pay only $88.00 of the total fee amount attributable to the compilation of elements of responsive information from available databases, but declined to pay the remaining $512.00 associated with providing PDNs to approximately 30 contractors of CECOM's intent to release their names as among those companies that paid to use TIC facilities, as well as the amounts each paid for such use. By letter of October 5, 2007, you stated your belief that PDNs to the affected contractors are not required because the information is not "confidential or trade secret information", and accordingly, the $512.00 fee was unnecessary.

The IDA agreed to provide you with the names of companies using the TIC and the costs associated with this use, subject to notifying the relevant submitters – in this case the companies using the TIC. CECOM advised that the information responsive to your FOIA request may be subject to withholding under provisions of FOIA Exemption 4, and this was subject to policies and regulations, such as Executive Order 12600, which require providing a PDN to the affected companies. Exemption 4 of the FOIA

provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). To determine whether a PDN is required, however, the standard is not whether the requested information is exempt under Exemption 4. Rather, the appropriate standard is whether the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4." *OSHA DATA/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a PDN can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. We agree with the IDA that, given the nature of the use of the TIC, the disclosure of which companies were using it and how much they paid could, in itself, cause those companies substantial competitive harm. The IDA has properly required PDNs be sent to the submitters before release of the requested information. Accordingly, your appeal is denied.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel

# Exhibit: 8

**Defendant's February 9, 2009 letter alleging that Plaintiff's January 22, 2009 request was "substantially the same" as a prior request.**



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
286 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY  07703-5101

February 9, 2009

IMNE-MON-HRR

Mr. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, I L 60118-1332

Dear Mr. Nelson:

I have received your Freedom of Information Act Request for information regarding the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ from January 1, 2001 to the present through Congressman Bill Foster's Office.

This is not a new FOIA request, rather it is a request for substantively the same information as you request in FOIA request number 2007360.

As you are aware, you disagreed with the Initial Denial Authority's determination that you should pay approximately $600 to receive this information, and made an appeal of that determination to Department of the Army FOIA.  DA FOIA is currently reviewing your appeal; you will receive a determination directly from them.

Thank you.

Sincerely,

/s/

Ellen Edwards
FOIA OFFICER
(732) 532-1769

# Exhibit: 9

**Plaintiff's February 11, 2009 letter pointing out that the January 22, 2009 request was not "substantially the same" as a prior request.**

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL  60118-1332

February 11, 2009

Ms. Ellen Edwards
FOIA Officer
Department of the Army
286 Sanger Avenue
Fort Monmouth, New Jersey 07703-5101

Re: FOIA Request Dated January 22, 2009

Dear Ms. Edwards

I have forwarded a copy of your February 9, 2009 letter to Congressman Bill Foster's office.

I disagree with your assertion that this new FOIA request is substantially the same as the request from September 12, 2007 for the following reasons:

1) The new request covers a new time interval through January of 2009.

2) The Army characterized the September 12, 2007 request as a request for "company confidential/trade secret" information.  The January 2009 request clearly does not request any trade secret or confidential information that was provided to the government by any company.

3) The January 2009 request was issued after President Obama issued his FOIA policy memorandum which states in part "All agencies should adopt a presumption in favor of disclosure, … The presumption of disclosure should be applied to all decisions involving FOIA. …The presumption of disclosure also means that agencies should take affirmative steps to make information public."
(http://www.whitehouse.gov/the_press_office/Freedom_of_Information_Act/)

In any case, the Freedom of Information Act does not prohibit requests for similar information at different points in time.

Please log the January 2009 request into the system and have it promptly processed in accordance with the statute and President Obama's FOIA policy memorandum.


Sincerely,


Neal Nelson

# Exhibit: 10

**Defendant's March 19, 2009 letter claiming that Defendant can withhold information prior to September 12, 2007, and that information after September 12, 2007 would be processed with predisclosure notifications.**



**DEPARTMENT OF THE ARMY**
US ARMY INSTALLATION MANAGEMENT COMMAND
HEADQUARTERS, UNITED STATES ARMY GARRISON, FORT MONMOUTH
286 SANGER AVENUE
FORT MONMOUTH, NEW JERSEY 07703-5101

March 19, 2009

IMNE-MON-HRR

SUBJECT: Freedom of Information Act (FOIA) Request No. 2009131/ January 22, 2009 for TIC information at Fort Huachuca

Mr. Neal Nelson
Neal Nelson Assoc.
222 N. River St.
East Dundee, IL 60118

This is in response to your Freedom of Information Act (FOIA) request number 2009131 of January 22, 2009, received via Rep. Foster's office, and your letter to MG Via dated February 17, 2009.

You requested "[i]nformation about non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present (January 22, 2009). Please provide: 1) the name of the non-government organization, 2) the amount of money paid to the TIC by the non-government organization, and 3) the approximate dates that the non-government organization used the TIC facilities."

By letter dated February 9, 2009, I informed you that this request was substantively the same as your previous FOIA request number 2007360, in which you originally requested "invoices issued by the government to all (approximately 30) non-government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Ft. Huachuca, AZ between 01 January 2001 and the present (September 12, 2007)", but, by correspondence, you agreed to amend to "the names of the companies and the amount of money they have spent on testing."

By letter dated February 11, 2009, you disagreed that the requests were substantively similar because "1) [t]he new request covers a new time interval through January of 2009. 2) The Army characterized the September 12, 2007 request as a request for "company confidential/trade secret" information. The January 2009 request clearly does not request any confidential or trade secret information that was provided to the government by any company. 3) The January 2009 request was issued after President Obama issued his FOIA policy memorandum which states in part "All agencies should adopt a presumption in favor of disclosure..."

In so far as the January 22, 2009 request asks for information from January 1, 2001 through September 12, 2007, the requests are indeed substantively similar, as the language above clearly illustrates. As such, this matter has been concluded by the Office of the General Counsel, by letter to you dated February 9, 2009.

In so far as the January 22, 2009 request asks for information from September 13, 2007 through January 22, 2009, you are correct that this is a new request in that it covers a new time period. Since it asks for information of the same nature, however (i.e., the names of companies using the test facilities, the dates, and the amounts paid), the process to respond to your request is also the same. That is, in accordance with Executive Order 12600, a Predisclosure Notification (PDN) must be sent to the approximately 13 companies that used the testing facility during this time period.

Exemption 4 of the FOIA provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person [which are] privileged or confidential." 5 U.S.C. § 552(b)(4). To determine whether a PDN is required, however, the standard is not whether the requested information is exempt under Exemption 4. Rather, the appropriate standard is that the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4." *OSHA DATA/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a PDN can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. Here, given the nature of the of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm.

The total estimated fee to respond to your request, including the PDNs, is $559. Please respond to the undersigned as to whether you are willing to pay this fee.

As a releasing agency only, this Command may not deny your request, but must instead refer it to the Initial Denial Authority (IDA), if you request such referral in writing. Please advise this office in writing no later than April 19, 2009 if you desire to take the steps necessary to initiate the formal denial process. This response should not be construed as a denial of any portion of your request. When responding please refer to FOIA No. 2009131.

Sincerely,

/s/

Ellen Edwards
FOIA Officer
(732)532-1769

# Exhibit: 11

**Plaintiff's May 1, 2009 letter requesting that the Defendant process the FOIA request for the entire range of dates specified by the Plaintiff and process the request without predisclosure notification since none of the requested information is trade secret information.**

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL  60118-1332

May 1, 2009

Ms. Ellen Edwards, FOIA Officer
Department of the Army
286 Sanger Avenue
Fort Monmouth, NJ  07703-5101

Re: FOIA Request 2009131

Dear Ms. Edwards

This is an appeal under the Freedom of Information Act (FOIA).

On January 22, 2009 I requested: "Information about non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present (22 January 2009)." I understand that the Army assigned my request the identifying number 2009131.

There have been several letters sent regarding this request including: 1) A letter from you dated February 9, 2009, 2) A response from me dated February 11, 2009, 3) A letter from you dated March 19, 2009, 3) A response from me dated April 2, 2009, and 3) A letter from you dated April 27, 2009. I am sending this as a response to your April 27 letter.

It seems to me that the Army's communications regarding the FOIA request 2009131 have had the following three primary messages: 1) The Army does not intend to provide a portion of the information that I requested, 2) The Army intends to perform "predisclosure notifications" before providing whatever information the Army does intend to provide, and 3) The Army intends to charge me for the predisclosure notification processing activities.

Regarding the withholding of information, the Army cites a prior FOIA request from my firm as a reason for withholding part of the information included in my current request. This earlier request was amended and appealed over a period of almost two years. It appears to me that there was substantial confusion on the part of some Army representatives about the wording of the original versus the amended request. The Army ultimately did not release any information in response to this earlier request.

I have reviewed the exemptions listed in the Freedom of Information Act and I could not find an exemption that allows for the withholding information based on any prior requests for the same or similar information. I pointed this out in my April 2 letter and I asked that the Army provide some explanation or justification for its position. I have not received any. Since the Army has not provided any legal justification for withholding a portion of the requested information I feel the Army should revise its position on this topic.

The sixth paragraph of the March 19 letter contains a significant mis-statement. It states "the January 22, 2009 request asks for information from September 13, 2007 through January 22, 2009". My January 22, 2009 request clearly states "between 01 January 2001 and the present (22 January 2009)." The Army should not unilaterally change the terms or wording

of my request.  Please process my request based on the wording that I specified in my request, i.e. "between 01 January 2001 and the present (22 January 2009)".

Regarding the predisclosure notification, paragraph 6 of the March 19 letter states that "a Predisclosure Notification (PDN) must be sent to the approximately 13 companies that used the facility during this time period."  There are two errors in this statement.  First, a predisclosure notification is not required because none of the information that I am requesting is trade secret or confidential information provided by any of the companies that used the TIC testing services.  Second, based on Army documents, the number of instances where companies that have used the TIC's Commercial Lab since 2001 is at least 43 and possibly more than 43.  I have requested information on all of those instances.

Paragraph 7 of the March 19 letter mentions Executive Order 12600.  Section 2(a) of Executive Order 12600 defines the information covered by the Executive Order.  It reads: ""Confidential commercial information" means records provided to the government by a submitter that arguably contain material exempt from release under Exemption 4 of the Freedom of Information Act, 5 U.S.C. 552(b)(4), because disclosure could reasonably be expected to cause substantial competitive harm."

The information I am requesting (a list of companies that have used the TIC's Commercial Lab with approximate dates and the dollar amounts paid by those companies) was not "provided to the government by a submitter".  It is not covered by Executive Order 12600.

The March 19 letter asserts that I am requesting company confidential information that could be subject to Exemption 4 of the Freedom of Information Act. This assertion is incorrect. Exemption 4 is quoted as stating: "trade secrets and commercial or financial information obtained from a person [which are] privileged or confidential."

The Freedom of Information Act Guide which is published by the Department of Justice explains what information should be covered by Exemption 4.

The Guide specifically comments on the phrase "commercial or financial information obtained from a person [which are] privileged or confidential".  The Guide emphasizes that in order for information to qualify for exemption "the information must be commercial or financial, obtained from a person, and privileged or confidential."  Note that the Guide specifies that the information must meet all three of these conditions to qualify.

The requested information was not provided to the government by any of the commercial firms.  Thus, it is absolutely not covered by Exemption 4.

The last sentence in paragraph 7 of the March 19 letter states: "Here, given the nature of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm."  This is an assertion but it is not supported by any logic or facts.  There is not even a hypothetical example of how a company could be harmed by disclosure.  The Army did not establish that "disclosure of the information can reasonably be expected to cause substantial competitive harm."

Since the information that I am requesting was not provided to the government by a

submitter, and it has not been established that its disclosure could reasonably be expected to cause substantial competitive harm, my request does not fall under either Executive Order 12600 or Exemption 4. Predisclosure notification is neither required nor appropriate.

Finally, since predisclosure notifications are not appropriate, the estimated cost of $559 for processing my request is incorrect. The effort required to collect the requested data and the single page required to transmit the forty plus lines of information will almost certainly fall within the two hour and 100 page criteria specified in the FOIA section 552(a)(4)(A)(iv) which states that no fee may be charged. Please provide the information without charge in accordance with the FOIA.

In conclusion I would like to point out that in January of 2009 I made a request for information contained in government records. My request was in an acceptable form and was submitted through proper channels. I did not request an excessive amount of information nor did I request any trade secret or confidential information. The Freedom of Information Act mandates that a proper request of this type should have been processed within 20 working days of the January submission date.

I feel that the Army's failure to meet required deadlines, the Army's attempt to unilaterally modify the time period covered by my request, the Army's incorrect characterization of my request as a request trade secret or confidential information requiring predisclosure notification and the Army's proposal to charge my for the predisclosure notification processing constitute arbitrary and capricious attempts to avoid or delay the release of the requested information.

I appeal the decision to withhold that portion of the information that I requested for the time period January 1, 2001 through September 12, 2007. The Army did not provide any legal justification for withholding this information. Please provide all of the information covered by my original request.

I appeal the decision that predisclosure notification possessing is required for my request. My request does not include any trade secret or confidential information that was provided to the Army by a vendor and thus predisclosure notification is neither required nor appropriate. Please provide the requested information without predisclosure notification processing.

I appeal the decision to charge $599 to process my request. The information I requested will fit on one page and should not require more than two hours to process. The requested information should thus be provided at no cost under the FOIA.

In the event that this appeal is denied, the Army is required to provide a written response describing the reasons for the denial and the names and titles of each person responsible for the denial. I await your reply within the twenty working days specified by the FOIA. I can be contacted at (847) 851-8900 to discuss these issues.

Sincerely,


Neal Nelson

# Exhibit: 12

**Defendant's June 12, 2009 letter as the "official" finding from the Initial Denial Authority for the January 22, 2009 FOIA request.**



**DEPARTMENT OF THE ARMY**
HEADQUARTERS, U.S. ARMY CECOM LIFE CYCLE MANAGEMENT COMMAND
FORT MONMOUTH, NEW JERSEY 07703-5000

REPLY TO
ATTENTION OF

Office of the Chief Counsel

JUN 1 2 2009

Mr. Neal Nelson
222 North River Street
East Dundee, IL 60118-1332

Dear Mr. Nelson:

This is in response to your Freedom of Information Act (FOIA) request number 2009-131 of January 22, 2009, received via Representative Foster's office. You specifically requested, "[i]nformation about non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present (January 22, 2009)." You also asked that we "provide: 1) the name of the non-government organization, 2) the amount of money paid to the TIC by the non-government organization, and 3) the approximate dates that the non-government organization used the TIC facilities."

Your communication with Ms. Edwards and her responses to you have been previously considered in letters by Ms. Edwards dated February 9, 2009, by you dated February 11, 2009, by Ms. Edwards dated March 19, 2009, by you dated April 2, 2009, by Ms. Edwards dated April 27, 2009, and by you dated May 1, 2009.

a. In so far as your request asks for information from January 1, 2001 through September 12, 2007, your request is substantively similar to your request of September 12, 2007 (FOIA No. 2007-360) and you have exhausted all administrative remedies, since you have already received a formal denial from the Initial Denial Authority (IDA) and received a denial of your appeal to the Office of the General Counsel (OGC) by letter dated February 9, 2009.

b. In so far as your request asks for information from September 13, 2007 through January 22, 2009, a Predisclosure Notification (PDN) must be sent to the approximately 13 companies that used the testing facility during this time period.

Regarding your request for information from January 1, 2001 through September 12, 2007, your remedy is to seek judicial review of the OGC's determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Regarding your request for information from September 13, 2007 through January 22, 2009, Executive Order 12,600 requires that the government notify the contractors under these circumstances and offer them the opportunity to request that their information not be disclosed.

-2-

Exemption 4 of the FOIA provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person [which are] privileged or confidential." 5 U.S.C. § 552(b)(4). To determine whether a PDN is required, however, the standard is not whether the requested information is exempt under Exemption 4. Rather, the appropriate standard is that the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4." *OSHA DATA/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a PDN can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. Here, given the nature of the of the use of the TIC, the disclosure of which companies were using it, and how much they paid, could, in itself, cause those companies substantial competitive harm.

The total estimated fee to respond to your request, including the PDNs, is $559. Your request is denied based upon your unwillingness to pay the $559 fee.

You may appeal this denial to the Secretary of the Army. In the event you decide to appeal, your letter of appeal should be within 60 days of the date of this initial denial letter through U.S. Army Communications-Electronics Command Life Cycle Management Command, Attention: Vincent H. Buonocore, Initial Denial Authority, Fort Monmouth, New Jersey 07703-5010, to Secretary of the Army, Attention: Office of the General Counsel, 104 Army Pentagon, 3C546, Washington, D.C. 20310-0104. This denial is made on behalf of the Assistant Secretary of the Army (Research, Development, and Acquisition).

Sincerely,

Vincent H. Buonocore
Initial Denial Authority

# Exhibit: 13

**Plaintiff's June 22, 2009 appeal of the finding by the Initial Denial Authority for the January 22, 2009 FOIA request.**

# NEAL NELSON & ASSOCIATES

222 NORTH RIVER STREET, EAST DUNDEE, IL  60118-1332

June 22, 2009

Secretary of the Army
Attention: Office of the General Counsel
104 Army Pentagon, 3C546
Washington, D.C. 20310-0104

Re: Appeal of Initial Denial, FOIA Request 2009-131

This is an appeal under the Freedom of Information Act (FOIA).

On January 22, 2009 I requested "information about non-government organizations that have paid to use the "commercial" testing facilities at the U.S. Army Technology Integration Center, Fort Huachuca, AZ between 01 January 2001 and the present (January 22, 2009)." (a copy of the FOIA request is attached.)

In a response by Ms. Ellen Edwards dated March 19, 2009 the Army stated that it did not need to release part of this information because of a previous FOIA request, and then asked me to pay $ 559 for pre-disclosure notification processing of confidential or trade secret information.  The FOIA does not allow the government to reject or amend a request simply because there is an overlap with a prior request.   None of the information that I have requested meets the definition of confidential or trade secret information.  Pre-disclosure processing is neither required nor appropriate.  Pre-disclosure processing should not be performed and I should not asked to pay for the pre-disclosure notification.

On May 1, 2009 I sent a letter to Ms. Edwards pointing out these issues (copy attached). On June 12, 2009 Vincent Buonocore, as Initial Denial Authority, sent me a formal denial of my request (copy attached).

I appeal the formal denial by Mr. Buonocore for the reasons that are detailed in my May 1, 2009 letter (summarized above).

In the event that this appeal is denied, the Army is required to provide a written response describing the reasons for the denial and the names and titles of each person responsible for the denial.  I await your reply within the twenty working days specified by the FOIA.  I can be contacted at (847) 851-8900 to discuss these issues.

Sincerely,


Neal Nelson

# Exhibit: 14

**Plaintiff's July 31, 2009 letter requesting confirmation that the Defendant claims to have not received the June 22, 2009 formal appeal letter.**

# NEAL NELSON & ASSOCIATES
222 NORTH RIVER STREET, EAST DUNDEE, IL  60118-1332

July 31, 2009

Ms. Caryn L.M. Hargrave
Freedom of Information Act Attorney
U.S. Army Communications-Electronics Command
Life Cycle Management Command
Fort Monmouth, New Jersey 07703-5000

Re: January 22, 2009 TIC FOIA Request, 2009-131

Dear Ms. Hargrave,

I have received your letter dated July 27, 2009, which states that it was written as a response to my July 20, 2009 letter.  Your letter re-states that I have the option of appealing the finding of the Initial Denial Authority.

On June 22, 2009 I sent two letters.  One was addressed to Marc Sagan and the other was addressed to the Secretary of the Army and sent to Mr. Buonocore.  This second letter was an appeal of the finding of the Initial Denial Authority.

This second letter is clearly an appeal since the first paragraph states, "This is an appeal under the Freedom of Information Act (FOIA)." and the fifth paragraph states in part "I appeal the formal denial by Mr. Buonocore ...".

My appeal letter was addressed and mailed in accordance with the identical instructions provided by both Mr. Buonocore and yourself.

Does your statement that I have the right to appeal suggest that the Army received the letter to Mr. Sagan but did not receive the appeal letter that was addressed to the Secretary of the Army and sent to Mr. Buonocore?

If the Army did receive the appeal letter, provide me with the date that the letter was received by Mr. Buonocore and any tracking number that may have been assigned to it.

Also, please inform me if there are any unusual circumstances that might delay the processing of this appeal.

Thank you in advance for your attention to this matter.

Sincerely,


Neal Nelson

TELEPHONE: (847) 851-8900          FACSIMILE: (847) 851 8901          E-MAIL: office@nna.com

# Exhibit: 15

**Defendant's August 4, 2009 email confirming Defendant's position that the June 22, 2009 letter to Mr. Sagan was received but the June 22, 2009 appeal letter sent to Mr. Buonocore was not received.**

**From:** "Hargrave, Caryn L MAJ RES USAR AMC" <Caryn.Hargrave@us.army.mil>
**To:** office@nna.com
**Date:** 04 Aug 2009, 01:35:29 PM
**Subject:** Freedom of Information Act Request 2009-131

---

HTML content follows

Freedom of Information Act Request 2009-131

Mr. Nelson -

I have just received correspondence from you dated July 28, 2009 and July 31, 2009.

You are correct that I received one letter dated June 22, 2009 addressed to Mr. Sagan, and that Mr. Buonocore did not receive your letter of appeal, also dated June 22, 2009, addressed to the Secretary of the Army, Attention: Office of the General Counsel (OGC).

Although I received a copy of the June 22, 2009 letter of appeal as an attachment to your July 31, 2009 letter, please re-send to me the attachments referenced in the letter of appeal, as well as any additional correspondence sent to Mr. Buonocore on June 22, 2009, if any. If you could scan and email to me, this would assure accurate and timely receipt.

Upon receipt of the attachments and/or correspondence, I will forward your letter of appeal to the OGC so that they may begin the appeal process.

Correspondence with our office will continue to reference our FOIA number 2009-131, although once I forward your appeal to the OGC they will not use this tracking number.

Caryn L.M. Hargrave, Esq.
Office of the Chief Counsel
Staff Judge Advocate Division
Communication-Electronics Command
Fort Monmouth NJ 07703
Tel. (732) 397-1960
caryn.hargrave@conus.army.mil

# Exhibit: 16

**Defendant's August 13, 2009 email acknowledging August 4 as the date that the June 22 appeal was received by the Army.**

**From:** "Hargrave, Caryn L MAJ RES USAR AMC" <Caryn.Hargrave@us.army.mil>
**To:** "Neal Nelson" <neal@nna.com>
**Date:** 13 Aug 2009, 11:19:11 AM
**Subject:** RE: Freedom of Information Act Request 2009-131

Neal - Your reference seems to be correct, but since I don't work in appeals I couldn't swear to that.  As I said, once you receive acknowledgment from the appeals office (OGC) you can ask them.

As far as our date of receipt, I received it on August 4, 2009 as an attachment to your July 31, 2009 letter, so August 4 is our date of receipt.  Thanks

# Exhibit: 17

**Defendant's March 1, 2010 response to Plaintiff's June 22, 2009 appeal.**



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC  20310-0104

March 1, 2010

Ms. Neal Nelson
Neal Nelson & Associates
222 North River Street
East Dundee, Illinois  60118-1332

Dear Mr. Nelson:

This letter responds to your Freedom of Information Act (FOIA) appeal, dated June 22, 2009, and supplemented on July 31, 2009.  On January 22, 2009 you requested "information about non-government organizations that have paid to use the 'commercial' testing facilities at the U.S. Army Technology Integration Center (TIC), Fort Huachuca, AZ between 01 January 2001 and the present.  Specifically, you requested: 1) the name of the non-government organization, 2) the amount of money paid to the TIC by the non-government organization, and 3) the approximate dates that the non-government organization used the TIC facilities.

We apologize for the delay in responding to this appeal.  The Army is required to address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like.  We make it our practice to respond to appeals in the order received.  The courts have sanctioned this method of handling FOIA cases.  *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

The U.S. Army Communications-Electronics Life Cycle Management Command (CECOM), the Initial Denial Authority (IDA), responded that processing your request would require pre-disclosure notification to those non-government organizations that have paid to use the TIC.  CECOM indicated that the pre-disclosure notifications would cost $559, which must be paid prior to preparing the pre-disclosure notifications.  You have appealed the necessity of the pre-disclosure notifications.

Like our earlier request for this information, which you appealed to this office on May 29, 2008, CECOM advised that the information responsive to your FOIA request may be subject to withholding under provisions of FOIA Exemption 4, and this was subject to policies and regulations, such as Executive Order 12600, which require providing a pre-disclosure notification to the affected companies.  Exemption 4 of the FOIA provides that an agency may withhold "trade secrets and commercial or financial information obtained from a person and privileged or confidential."  5 U.S.C. § 552(b)(4).  To determine whether a pre-disclosure notification is required, however, the standard is not whether the requested information is exempt under Exemption 4.  Rather, the appropriate standard is whether the IDA must "first ascertain whether [the information] is confidential commercial information within the meaning of Exemption 4."  *OSHA*

*DATA/CIH, Inc. v. U.S. Dep't of Labor*, 220 F.3d 153, 163 (3d Cir. 2000). Therefore, a pre-disclosure notification can be required if disclosure of the information can reasonably be expected to cause substantial competitive harm to the submitter. We agree with CECOM that, given the nature of the use of the TIC, the disclosure of which companies were using it and how much they paid could, in itself, cause those companies substantial competitive harm. CECOM has properly required pre-disclosure notifications be sent to the submitters before release of the requested information. Accordingly, your appeal is denied.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may, if you so desire, seek judicial review of this determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel

2