# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Neal Nelson, | |
|     Plaintiff, | Case No.: 1:10-cv-01735 |
| vs. | Honorable Judge Rebecca R. Pallmeyer |
| United States Army, | |
|     Defendant | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S FEBRUARY 22, 2011 OPINION AND ORDER**

**Relief Sought**

Based on the following, Plaintiff requests that the Court amend the February 22, 2011 Memorandum Opinion and Order to find that the Defendant is not entitled to summary judgment.

**Regarding Defendant's Motion for Summary Judgment**

1. Defendant did not file a notice for Defendant's motion as required by the Federal Rules of Civil Procedure ("FRCP") (6)(c)(1) and Local Rules 5.3(b) and 78.2. The Court's Case Management Procedures specify in the second sentence under Motion Practice "All motions, stipulated or not, must be noticed for hearing."

2. Defendant did not include required information regarding "all facts supporting venue and jurisdiction" per Local Rule 56.1(a)(3)(B).

3. Plaintiff disputed Defendant's Motion for Summary Judgment with a timely Response, in the proper format, with appropriate content including specific citations to law and documented facts that disputed virtually every assertion made in Defendant's motion.

4. Defendant's Reply to Plaintiff's Response did not provide specific references to facts or law, but rather consisted of various allegations and denials of the type specifically prohibited by FRCP 56(e)(2). Since the Defendant did not properly rebut Plaintiff's arguments, the facts asserted by the Defendant cannot be accepted as "facts not in dispute".

5. Plaintiff's Response to Defendant's motion for summary judgment included an Affidavit with copies of emails that challenged Ms. Hargrave's knowledge and authority on FOIA matters. Since Ms. Hargrave's Declaration has been challenged it cannot be accepted as "material facts not in dispute" for a summary judgment finding.

Plaintiff asserts that the Defendant did not establish that the Defendant was entitled to summary judgment based on material facts not in dispute.

**Regarding Plaintiff's Motion for Summary Judgment**

1. Plaintiff filed a Motion for Summary Judgment on July 20, 2010 that was timely and contained all of the required information in the proper format.
2. Defendant was obligated to file a Response on or before August 11, 2010.  FRCP 56(c)(1)(B).  Defendant did not file any type of response by the required date.
3. On August 30, 2010, almost three weeks past the deadline, the Defendant filed a Reply Memorandum in support of Defendant's Motion for Summary Judgment.
4. In footnote 1 of Defendant's Reply Memorandum the Defendant requested that the Court accept the Reply Memorandum as a Response to Plaintiff's Motion for Summary Judgment.
5. Requests of the Court must be made through motions.  FRCP 7.1(b)(1).  By making this request in a footnote the Defendant deprived Plaintiff of an opportunity to formally oppose this request.
6. Had the Defendant properly made this request as a motion, the Plaintiff would have been able to strenuously oppose this request because the Reply Memorandum had not met the required dates as specified by FRCP 56(c)(1)(B) and the Reply Memorandum did not conform to either the format or

    content requirements specified for a Response in the Local Rules. LR56.1(b)(3)(A,B,C).

7. Defendant's August 30, 2010 Reply Memorandum was not in the required format for a Response and did not provide specific facts or references to law that controverted the facts there were included with Plaintiff's Motion for Summary Judgment. Local rules specify that "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." LR56.1(b)(3)(C).

Plaintiff asserts that Plaintiff's Statement of Material Facts in Support of Plaintiff's Motion for Summary Judgment should be deemed to be admitted. Plaintiff further asserts that when Plaintiff's Facts are admitted, there are material facts in dispute and thus neither party is entitled to summary judgment.

**Regarding Plaintiff's Count I**

In the February 22, 2011 Memorandum Opinion and Order, on pages 1-8, the Court documented the sequence of events and legal background for this case. This section concludes with a quote from 32 C.F.R. § 286.23(h)(1) which states in part: "This practice [pre-disclosure notification] is required for those

FOIA requests for data not deemed clearly exempt from disclosure under exemption (b)(4) of 5 U.S.C. § 552."

The Defendant has introduced this concept out of context. Section "h" begins with the statement: "When a request is received for a record that falls under exemption 4 (see §286.12(d)), …". The information requested by the Plaintiff cannot fall under exemption 4 because the requested information is not "trade secrets and commercial or financial information obtained from a person and privileged or confidential". 5 U.S.C. § 552(b)(4). At no time in this case has the Defendant established, or even argued, that the information requested by the Plaintiff's falls under FOIA exemption 4. Plaintiff has pointed out that there is a court-approved test, the tripartite test, *Nadler et al. v. The FDIC*, 92 F. 3rd 93; (1996), to determine if FOIA exemption 4 covers a request. The tripartite test does not include, require or allow pre-disclosure notification. The application of the tripartite test clearly shows that the information requested by the Plaintiff does not qualify to be withheld under exemption 4. Pre-disclosure notification is only appropriate when information has been found to "arguably contain material exempt from release under Exemption 4" Executive Order 12600(Sec. 2)(a). The Defendant

has never argued that the requested information is exempt from release under exemption 4.

The OSHA Data case is cited by the Defendant to justify pre-disclosure notification. The OSHA Data case, however, is not the only case that can provide precedent regarding a claim that information can be withheld. The Plaintiff brought to the Court's attention, in *Plaintiff's Memorandum of Law Supporting Plaintiff's Motion for Summary Judgment* and in *Plaintiff's Reply Memorandum in Support of Plaintiff's Motion for Summary Judgment* the case of *Bloomberg, L.P. v. Board of Governors of the Fed. Reserve System*, 601 F.3d 143, 148 (2nd Cir. 2010). In Bloomberg some banks voluntarily provided information to the FDIC. A staff member at the FDIC assembled the information as part of a loan application. The court acknowledged that release of the information could cause substantial harm, however the court ruled that the requested information had to be released (without pre-disclosure notification processing).

The information at issue in Bloomberg included names, dates, and dollar amounts. This information is virtually identical to the information requested by the Plaintiff in this case. By citing Bloomberg in this case, the Plaintiff has challenged Defendant's assertion that OSHA Data provides the legal justification for a

summary judgment ruling in Defendant's favor.  In the February 22, 2011 Opinion and Order the Court mentions OSHA Data 18 times but does not mention the tripartite test or Bloomberg even once.  Plaintiff asserts that the Defendant has not established OSHA Data as better precedent than Bloomberg.  Plaintiff also asserts that the Defendant has not established that the Defendant is entitled to summary judgment in its favor as a matter of law.  Plaintiff requests that the Court amend its February 22, 2011 Order to not grant summary judgment in favor of the Defendant.

### Regarding Plaintiff's Count II

The Defendant has repeatedly tried to link Plaintiff's Count I and Plaintiff's Count II.  This is inappropriate.  Count I deals with pre-disclosure notification.  Count II deals with Defendant's repeated assertion that the existence of an earlier FOIA request, whose appeal was still pending after seven months, provided the Defendant with a justification to refuse to process a portion of a later FOIA request.  This refusal to process a selected portion of a FOIA request is not allowed by any of the FOIA exemptions or any case law.  Plaintiff included Count II as one example of the arbitrary and capricious behavior of the Defendant regarding Plaintiff's FOIA requests.  Since the Defendant's unjustified behavior is clearly documented through

copies of correspondence, Plaintiff requests that the Court find in Plaintiff's favor on Count II.

### Regarding Plaintiff's Count III

Plaintiff's Count III deals with Defendant's estimated charges to process Plaintiff's FOIA requests. Plaintiff's intent for this count was to show that the Defendant was being arbitrary and capricious in requiring pre-payment for pre-disclosure notification processing when the requested information did not qualify for pre-disclosure notification processing. Plaintiff feels that the tripartite test and the Bloomberg case prove that Plaintiff's requests are definitely not covered by FOIA exemption 4 and thus pre-disclosure notification is neither required nor allowed. Plaintiff is not opposed to paying proper charges for FOIA request processing. Plaintiff has however resisted paying unauthorized or unjustified charges. Through Count III Plaintiff intended to request that the Court insure that the Defendant is only allowed to perform, and charge for, request processing activities that are properly authorized by law or regulation.

### Regarding Plaintiff's Count IV

The Court's Memorandum Opinion and Order confirms that there is a statutory requirement to disclose "the names and titles of

each person responsible for the denial". Note that "names" and "titles" are plural and "denial" is singular. Plaintiff asserts that the statute requires disclosure for each and every person that participated in the denial decision. Plaintiff further asserts that the name and signature of a single individual (the information actually provided with Defendant's denial letters) does not meet the statute's requirement for information about "each person responsible for the denial". Plaintiff requests that the Court rule in favor of the Plaintiff on Count IV.

### Regarding Plaintiff's Count V

The Court's February 22, 2011 Memorandum Opinion and Order states "Defendant does not deny that it failed to meet the 20-day timeline with respect to its final decisions about Plaintiff's FOIA appeals." This statement is not accurate. Plaintiff's Complaint alleges in paragraphs 90, 94 and 97 three cases where the Defendant failed to respond within the 20 days required by the statute. Defendant's Answer to Plaintiff's Complaint for paragraphs 90, 94 and 97 specifies "Deny", "Deny that the Army did not respond to Nelson's appeal of his September 12, 2007 request within the time frame provided by FOIA." and "Deny".

The Defendant did not present any arguments in this case to justify Defendant's failures to meet deadlines. Although *Open America v. Watergate Special Prosecution Force* was mentioned in two letters that were included as exhibits, the Defendant did not site *Open America* as part of any argument or defense. Had the Defendant cited *Open America,* Plaintiff was prepared to prove that Open America did not justify Defendant's failure to meet deadlines in this case.

Failure to process Plaintiff's FOIA requests and appeals in a timely fashion is part of a pattern of arbitrary and capricious behavior exhibited by the Defendant. Plaintiff may have also been harmed by these delays if, as a result of these delays, the statute of limitations expires for possible future actions based on the information that is ultimately released. Plaintiff hereby requests that the Court rule in Plaintiff's favor on Count V.

### Regarding Plaintiff's Count VI

The ultimate finding on Count VI will depend substantially on the ultimate findings for Counts I-V. Plaintiff requests that the Court defer issuing a finding on Count VI until Counts I-V have been ultimately resolved.

### Regarding Plaintiff's Count VII

The ultimate finding on Count VII will depend substantially on the ultimate findings for Counts I-V. Plaintiff requests that the Court defer issuing a finding on Count VII until Counts I-V have been ultimately resolved.

### Basis for Requesting Relief

The Federal Rules of Civil Procedure provide that "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FRCP 60(a). The Federal Rules also state "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; … (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; … (6) any other reason that justifies relief." FRCP 60(b)(1,3,6). The Federal Rules also state "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FRCP 59(e).

### Conclusion

The Defendant failed to follow proper procedures, failed to file required documents, failed to present required information, failed to respond in required formats, failed to file documents on time and has not established that there are sufficient "material facts not in dispute" to justify summary judgment in favor of the Defendant.  The Defendant has not established that OSHA Data is the best case to provide precedent and thus the Defendant has not established that the Defendant is entitled to summary judgment as a matter of law.  Plaintiff requests that the Court amend its February 22, 2011 Opinion and Ruling to deny Defendant's motion for summary judgment.

Respectfully submitted this 16th day of March 2011.

>By: /s/ Neal Nelson (pro se)
>222 North River Street
>East Dundee, IL 60118
>(847) 851-8900
>(847) 851-8901 (facsimile)
>Email: neal@nna.com